IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: WILLIAM PAUL BURCH, | § § § § § | Civil Action No. 4:20-cv-01040-P-BP |
| Plaintiff. | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs filed on September 22, 2020. ECF No. 5. This case was referred to the undersigned automatically pursuant to Special Order No. 3 on September 21, 2020. ECF No. 2.

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. 28 U.S.C. § 1915(a); *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Courts should make the determination of financial ability after considering whether payment of the filing fee will result in the petitioner "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

In his application, Plaintiff declared that he and his spouse have one dependent, and they own one vehicle valued at $8,023. ECF No. 5-1 at 3. Plaintiff stated that he receives $1,340 per month in retirement benefits, and his spouse receives $837 per month in retirement benefits. *Id.* at 1-2. His combined monthly expenses equal approximately $1,340, including $150 for recreation and entertainment, and his spouse's expenses equal approximately $835. *Id.* at 4-5. The Department of Health and Human Services poverty guidelines for 2020 establish a guideline for a three-person household of $21,720 annual income. DEP'T OF HEALTH & HUMAN SERV., POVERTY GUIDELINES (Jan. 2020), https://aspe.hhs.gov/2020-poverty-guidelines. Plaintiff's annual family income of $26,124 exceeds the poverty guidelines.

Although the affidavit attached to the Motion identifies "four houses controlled by the [Plaintiff]," he states that these properties are "in litigation" and that "[e]xcept for the homestead, the rest were abandoned by the Trustee and are vacant and need a lot of work to become habitable." ECF No. 5-1 at 3. Plaintiff does not adequately describe the value of these properties.

The Court takes judicial notice of public records that reflect four parcels of real estate with significant values that Plaintiff or his spouse own. Pursuant to Federal Rule of Evidence 201(b), the Court takes judicial notice of the websites of the Tarrant Appraisal District and the Dallas Central Appraisal District. According to the website of the Tarrant Appraisal District, Plaintiff and Juanita Burch are the current owners of a house located in Arlington, Texas, and Juanita Burch is the owner of the house in Grand Prairie, Texas located at the address Plaintiff lists as his address in this case. *See* https://www.tad.org/property/05043751/ and https://www.tad.org/property/40373657/, respectively (last visited October 26, 2020). The Arlington, Texas property was the subject of a civil action in this Court that was referred to the United States Bankruptcy Court for the Northern District of Texas. *See Burch v. Freedom Mortgage Corp., et al.*, No 4:18-cv-01015-O. The website of the Dallas Central Appraisal District reflects that Plaintiff and Juanita Burch are the current owners of two houses located in Lancaster, Texas. *See* http://www.dallascad.org/AcctDetailRes.aspx?ID=36026500000420000 and http://www.dallascad.org/AcctDetailRes.aspx?ID=36073500020170000 (last visited October 26, 2020). Plaintiff has failed to fully identify his assets and has offered an insufficient explanation for why his sole or joint ownership of these four properties should not disqualify him from proceeding *in forma pauperis*.

In his Motion to Reconsider Motion for in Forma Pauperis filed on September 24, 2020, Plaintiff fails to provide the necessary information to show that he should be permitted to proceed in this case without paying a filing fee. ECF No. 7. First, he incorrectly argues that the Fifth Circuit's decision in *Prows* supports his request to proceed without paying a filing fee. In that case,

the Fifth Circuit affirmed the district court's decision requiring the petitioners to pay a portion of the district court filing fee. 842 F.2d at 138. It is true that the Fifth Circuit permitted the petitioners to pursue their appeal of the district court's decision without paying an appellate filing fee, but that fact does not dictate the Court's decision here where Plaintiff seeks to pursue his claim in the district court.

Second, Plaintiff's reliance on 28 U.S.C. § 1930(f)(1) regarding waiver of fees that are payable to the bankruptcy clerk upon commencement of a case under chapter 7 of the Bankruptcy Code do not apply to the instant case. Here, Plaintiff seeks collateral relief from the jurisdiction of the bankruptcy court in an action that apparently remains pending there in cause no. 20-04063. *See* ECF No. 10 at 6. The filing fee that applies here is not the chapter 7 bankruptcy filing fees described in § 1930(f)(1).

Third, the Notices of Acceleration attached to Plaintiff's Motion to Reconsider do not prove that he and his spouse lack sufficient resources to pay the filing fee in this case. ECF Nos. 7-2 and 7-3. At most, they show that efforts by Plaintiff's creditors to accelerate indebtedness continue. However, it is not clear from these notices that Plaintiff and his spouse would suffer undue hardship if they were ordered to pay the filing fee before proceeding with this case. The Court also notes that the property at issue in the Notice of Acceleration marked ECF No. 7-3, the house located at 1713 Enchanted Lane, Lancaster, Texas, is the subject of a suit pending in this Court. *See Juanita Burch v. Freedom Mortgage Corp.*, No. 3:20-cv-03086-M-BN. In that case, Plaintiff's wife filed suit in state district court in Dallas County to prevent foreclosure of the Enchanted Lane property, and the defendant removed the case to this Court. The Court also notes that Plaintiff's wife apparently paid the state court filing fee in that matter. *See* ECF 1-2 at 5.

Finally, that the four properties are "in litigation" or "would need a lot of work to become habitable" does not address their value or whether Plaintiff has enough financial resources to pay

the filing fee in this case. ECF No. 5-1 at 3. This case is but one of numerous cases in which Plaintiff or his wife have appeared in this Court. The Court notes that on July 10, 2020, United States Bankruptcy Judge Mark X. Mullin entered an order in Plaintiff's Chapter 7 case designating him as a vexatious litigant and requiring him to seek permission from that Court before seeking affirmative relief in any state or federal court "against any party involving personal or real property that was included in [his] 2008 Bankruptcy Case or 2012 Bankruptcy Case." *See* Case 12-46959-mxm7, ECF No. 824. Although that Order might not specifically address the instant case, it does illustrate Plaintiff's numerous, frivolous cases filed in this Court and the need for the Court to carefully scrutinize the facts of his financial condition before permitting him to proceed without paying a filing fee here.

After consideration of the Plaintiff's application and financial circumstances, the undersigned finds that Plaintiff has not demonstrated that he lacks the financial ability to pay the costs of the proceeding without suffering undue hardship.

Accordingly, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DENY** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 5) and order him to pay the required $400 filing fee to the Clerk of Court within the fourteen day period provided for objections to these findings, conclusions, and recommendation. If Plaintiff fails to do so, Judge Pittman should **DISMISS** Plaintiff's case **WITHOUT PREJUDICE** for failure to prosecute or obey a court order as provided by Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on the parties and counsel in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection

is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on October 26, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE